UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DAMON LANDOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 10-236-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY HARDIN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |
| | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Damon Landor is an inmate confined in the United States Penitentiary in Lewisburg, Pennsylvania. Landor has filed this civil rights action asserting constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Landor also challenges a prison disciplinary conviction which resulted in the loss of 54 days of good time credits. Landor's claims stem from events which transpired between January and December 2009, when he was confined in the United States Penitentiary- McCreary in Pine Knot, Kentucky. [R. 2]

Because the Court has granted Landor permission to pay the filing fee in installments [R. 4] and is asserting claims against government officials, the Court screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e). These sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). For the reasons set forth below, the Court

will order one of the defendants to answer Landor's Complaint, but will dismiss Landor's claims against the other two defendants.

**I.**

Landor alleges that on January 6, 2009, Lieutenant Timothy Hardin interrogated him about a homemade blade-like weapon which had been discovered in his cell, and that during the interrogation, Hardin did not read him his *Miranda* rights. Landor alleges that as a result of not receiving his *Miranda* rights, he was subsequently placed in a special housing unit, forced to endure conditions which were inconsistent with the ordinary conditions of prison life, and indicted for possessing an illegal weapon in violation of 18 U.S.C. § 791. *See United States of America v. Damon Landor*, 6:09-CR-00014-GFVT-REW (E.D. Ky. 2009) ("the Criminal Proceeding").

These claims fall under the Fourth Amendment of the United States Constitution, which prohibits unreasonable searches and seizures, the Fifth Amendment of the United States Constitution, which guarantees due process of law and prohibits self-incrimination, and the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment.

Landor further alleges that on January 6, 2009, soon after Hardin interrogated him and informed him that the Federal Bureau of Investigations would be contacted, USP-McCreary Counselors Dr. Mary Willard and Dr. Adam Reinwald met with him, obtained incriminating statements from him about his mental state and the weapon, then conveyed his statements to federal law enforcement authorities. Landor alleges that Willard and Reinwald breached their duty of confidentiality to him and his privacy rights by disclosing his confidential information protected by the "fourteenth amendment." [R. 2 at 4]

Finally, Landor alleges in a subsequent filing that as a result of the discovery of the weapon on January 6, 2009, he was charged with, and convicted of, a prison disciplinary offense. As a result, he was ordered to forfeit fifty-four days of good time credits and was transferred to a "special management unit" where inmates who have severe disciplinary problems are confined.

Landor seeks damages and release from the special housing unit where he is confined in USP-Lewisburg. He also urges the reversal of his disciplinary conviction.

**II.**

In the Criminal Proceeding, on December 9, 2009, this Court granted Landor's motion to suppress his statements to Hardin, finding that Hardin's questioning of Landon on January 6, 2009, was a "custodial interrogation"; that pursuant to *Mathis v. United States*, 391 U.S. 1, 4-5 (1968), *Miranda* applies in the prison setting; that Hardin should have read Landon his rights under *Miranda* before interrogating him; and that Hardin's failure to do so precluded the government from using Landon's incriminating statements at trial. *United States v. Landor*, 699 F. Supp.2d 913, 919-24 (E.D. Ky. 2009).[2]

In his Complaint, Landon alleges that Hardin caused him to be confined in the segregated housing unit, and a county jail, for an "unhealthy duration," and that during that time, he endured arbitrary and unnecessary hardship. [R. 2 at 2]. Landon also alleges that Hardin violated his Fifth Amendment rights by "sanctioning [him] to the (SHU) without first reading him his Miranda rights. . . " and that Hardin also violated his Eighth Amendment rights. [*Id*. at 4].[3] Landon did not specify how long he was confined in SHU, but in a subsequent filing, he alleged

---

[2] On the same date, December 9, 2009, the United States moved to dismiss the Criminal Proceeding. [R. 52] The Court granted that motion the next day. [R. 54]

[3] Landor exhausted this claim through the administrative process. [R. 7 at 4].

that after the Criminal Proceeding was dismissed, he was found guilty of a prison disciplinary conviction and transferred to Special Management Unit ("SMU"), which he described as a "lockdown program." [R. 6 at1]. Landor's filings reveal that on May 11, 2010, the BOP transferred him to another institution for participation in the SMU. [R. 7 at 4].

Landor's claim that Hardin failed to give him his *Miranda* rights does not create civil liability under *Bivens*. *See New York v. Quarles*, 467 U.S. 649, 663 (1984); *Yopp v. U.S. Dept. Of Justice Drug Enforcement*, No. 10-10118, 2010 WL 3272845, at * 9, n.7 (E. D. Mich. August 19, 2010). "*Miranda* warnings are a procedural safeguard rather than a right explicitly stated in the Fifth Amendment. . . . The remedy for a *Miranda* violation is the exclusion from evidence of any ensuing self-incriminating statements." *Neighbor v. Covert*, 68 F.3d 1508, 1510 (2d Cir. 1995).

For confinement in segregation to rise to the level of a constitutional violation, the prisoner must show that the confinement amounted to an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. 472, 484 (1995). The nature and duration of an inmate's segregation may affect whether he was entitled to any due-process protections and may also be relevant in determining the overall duration of the inmate's sentence. *See Harden–Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008). Hardin will be required to respond to Landon's allegations that he subjected Landon to prolonged detention in SHU or other quarters in violation of the Fifth and/or Eighth Amendments of the United States Constitution.

This Court granted Landor's motion to suppress his statements to Willard and Reinwald, finding that pursuant to the federal psychotherapist-patient privilege established in Federal Rule of Evidence 501 and *Jaffee v. Richmond*, 518 U.S. 1, 15 (1996), Landor's incriminating

statements to them could not be admitted into evidence at trial in the Criminal Proceeding. *See Landon*, 699 F. Supp.2d at 923-29. While Landor's statements to Willard and Reinwald were suppressed in the Criminal Proceeding because they were protected by an evidentiary privilege, Landor does not state a civil claim for relief under *Bivens* based on Willard's and Reinwald's disclosure of his mental health information, because "'the Constitution does not encompass a general right to nondisclosure of private information.'" *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994) (*quoting J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981)).

In *DeSanti*, the court noted that recognition of a constitutional right of nondisclosure would force courts to "balanc[e] almost every act of government, both state and federal, against its intrusion on a concept so vague, undefinable, and all-encompassing as individual privacy." *DeSanti*, 653 F.2d at 1089–90. In *Doe*, the Sixth Circuit held that the prior *DeSanti* decision precluded the plaintiff's claim that his "constitutional right to privacy" was violated by the disclosure of his HIV infection to a correctional officer. *Doe*, 21 F.3d at 740. *See also Coleman v. Martin*, 63 Fed. Appx. 791, 792 (6th Cir. 2003) (rejecting prisoner's privacy claims when his mental health records were released to, and considered by, the parole board when evaluating his probability of parole). As Landor's privacy claims against Willard and Reinwald are indistinguishable from those asserted in *Doe*, *DeSanti*, and *Coleman*, they will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(ii).

To the extent that Landor wishes to challenge the disciplinary conviction which resulted in the loss of 54 days of good time credits, he must do so in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *See Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); *see also Lee v. Young*, 43 Fed. Appx. 788 (6th Cir. 2002). Such a petition must be filed in the

5

Middle District of Pennsylvania, the district where his legal custodian is located. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

In his most recent filing, Landor asks the Court to order him to be removed from the SMU in USP-Lewisburg, where he has been confined in a cell for 23 hours a day "all due to staff malfeasance." [R. 13 at 2]. The Court lacks personal jurisdiction over prison officials in Lewisburg, Pennsylvania, as to any claim arising out of their conduct there. *Thomas v. Ashcroft*, 470 F.3d 491 (2d Cir. 2006); *Scinto v. Federal Bureau of Prisons*, 608 F. Supp. 2d 4, 8 (D.D.C. 2009). Landor must assert any claim concerning the conditions of his current confinement in a *Bivens* complaint filed in the judicial district where he is confined, the Middle District of Pennsylvania. 28 U.S.C. § 1391(b).

### III.

Accordingly, **IT IS ORDERED** as follows:

1. Landor's constitutional claims against Defendants Dr. Mary Willard and Dr. Adam Reinwald are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted;

2. Landor's *Bivens* claim that Defendant Timothy Hardin failed to give him his *Miranda* rights on January 6, 2009, in violation of his constitutional rights, is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted;

3. Landor's challenge to his disciplinary conviction and loss of good time credits will be **DISMISSED WITHOUT PREJUDICE** to his filing a 28 U.S.C. § 2241 petition in the judicial district in which he is currently confined;

4. Landor's claim seeking removal from the SMU in USP-Lewisburg is

**DISMISSED WITHOUT PREJUDICE** to his filing a *Bivens* complaint asserting that claim in the judicial district where he is currently confined;

     5.     Hardin shall respond to Landor's Fifth and/or Eighth Amendment claim alleging prolonged confinement in a segregated housing unit;

     6.     The Clerk of the Court shall issue summons for defendant Timothy Hardin, Lieutenant, USP-McCreary, in his individual capacity;

     7.     The Clerk shall prepare the necessary number of "Service Packets" consisting of the following documents:

          a.     Completed summons forms;

          b.     Complaint [R. 2], and Supplemental Filings [R. 6] and [R. 13];

          c.     This Memorandum Opinion and Order; and

          d.     Completed United States Marshals Service ("USMS") Forms 285.

If the Clerk is unable to accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry;

     8.     The Clerk shall prepare four (4) Service Packets to be provided to the USMS in Lexington, Kentucky, addressed as follows:

          a.     to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

          b.     to the Office of the Attorney General of the United States in Washington, D.C.;

          c.     to the Bureau of Prisons' ("BOP") Central Office in Washington, D.C.; and

    d.  to Lieutenant Timothy Hardin at the United States Penitentiary - McCreary in Pine Knot, Kentucky;

  9.  The Clerk shall send by certified mail the required Service Packets for the defendant to the USMS in Lexington, Kentucky. The Clerk shall enter the certified mail receipt in the record and note in the docket the date that the Service Packet was delivered to the USMS;

  10.  The USMS shall serve the defendant by:

    a.  Sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

    b.  Sending a Service Packet by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.;

    c.  Sending a Service Packet by certified or registered mail to the Bureau of Prisons' ("BOP") Central Office in Washington, D.C.; and

    d.  Personally serving Lieutenant Timothy Hardin at the United States Penitentiary - McCreary in Pine Knot, Kentucky through arrangement with the Federal Bureau of Prisons;

  11.  Landor must advise the Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case;

  12.  Landor must communicate with the Court solely through notices or motions filed with the Clerk's Office;

  13.  For every further pleading or other document he wishes to submit to the Court, Landor shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. Landor shall send the original papers to

be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel; and

14. The Court will disregard any document which has not been filed with the Clerk of the Court; which has been filed but fails to include the certificate of service of copies; or which has been sent directly to the Judge's chambers.

This, the 1st day of June, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge