UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DAMON LANDOR,                    )
                                 )
    Plaintiff,                   )     Civil Action No. 6:10-236-GFVT
                                 )
V.                               )
                                 )
TIMOTHY HARDIN, *et al.*,        )     **MEMORANDUM OPINION**
                                 )     **&**
    Defendants.                  )     **ORDER**

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Damon Landor is an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania. Prior to his transfer to USP - Lewisburg, Landor was confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Landor filed this civil rights complaint under the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging a violation of his constitutional rights associated with his confinement in the Segregated Housing Unit ("SHU") at USP - McCreary, where he was confined after contraband was found in his prison cell. Landor's claims stem from events which transpired between January and December 2009. [R. 2]

The Court screened Landor's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A. On June 1, 2012, the Court entered a Memorandum Opinion and Order which directed defendant Lieutenant Timothy Hardin to respond to Landor's claim relative to his confinement in the SHU. Landor's remaining claims were dismissed without prejudice. [R. 14]

I

On August 7, 2012, defendant Hardin moved to dismiss the complaint, or in the alternative for summary judgment. [R. 20] Landor filed no response to Hardin's dispositive motion within the time prescribed by the local rules. Because Landor did not respond to the defendant's motion, the Court, out of an abundance of caution and to preserve Landor's rights, entered an Order on September 24, 2012, directing Landor to file a response to the defendant's dispositive motion within 21 days. [R. 22] That Order put Landor on notice that his failure to file a response could be deemed an admission of the contents of the defendant's dispositive motion, a waiver of his opposition to it, and result in the dismissal of his case. *Id.*

Instead of filing a response to Hardin's dispositive motion, on November 5, 2012, Landor filed a motion to appoint counsel. [R. 23] Landor contends that he needs appointed counsel because (1) he is financially unable to retain counsel, (2) he has limited knowledge of the law, (3) inmates confined in the Special Management Unit (SMU) at USP-Lewisburg, such as himself, have limited access to the law library computer and have a limited amount of paper work they can possess while in the SMU, and (4) obtaining copies is more difficult.

The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). To determine whether these exceptional circumstances exist, courts evaluate "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F. 2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F. 2d 1328, 1331 (9th Cir 1986); *see also Archie v. Christian*, 812 F. 2d 250, 253 (5th Cir. 1987). For at least two reasons, this test

compels the conclusion that Landor is not entitled to the appointment of counsel. First, he has already demonstrated sufficient writing ability and legal knowledge to articulate his *Bivens* claim concerning his alleged prolonged confinement in the SHU at USP-McCreary, persuading the Court that the defendant should file a response to his complaint. Second, as shown by the defendant's response, he failed to exhaust his administrative remedies as to this particular claim prior to filing this action. The appointment of counsel would be futile, at it cannot cure Landor's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Consequently, Landor's motion for the appointment of counsel will be denied.

## II

Lt. Hardin asserts that this action should be dismissed for three different reasons. The Court need only reach the first: Hardin contends that Landor failed to exhaust his administrative remedies concerning his claim that his prolonged confinement in the SHU violated his Eighth and/or Fifth Amendment rights under the U.S. Constitution.

The PLRA requires state and federal prisoners to exhaust all available administrative remedies before bringing an action with respect to prison conditions under federal law. 42 U.S.C. § 1997e(a). The Supreme Court of the United States has twice held that the statute means precisely what it says. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id*. at 90-91.

In order to exhaust his administrative remedies, an inmate must file remedies at all available levels, and each remedy request must comply with Bureau of Prisons' policy, and be

accepted at each level. 28 C.F.R. § 542.15. If accepted, the respective BOP administrator will provide the inmate with a remedy response. *Id*. If a remedy does not comply with BOP policy, *i.e.,* lack of timeliness, insufficient attachments or copies, etc., the remedy will be rejected and ordinarily the filer will be given an opportunity to correct the deficiencies and re-file the remedy request if the deficiencies are correctable. 28 C.F.R. § 542.17.

Landor did not administratively exhaust any of his claims challenging his prolonged placement in the SHU. An examination of the inmate grievances Landor did file shows that he filed a series of remedies complaining about different aspects of his disciplinary conviction which "transpired between January and December of 2009." [R. 20-6 (Decl. of Denise Gottleib), p. 1, ¶2] Landor attached copies of two remedies that he had filed to his complaint, but neither concerned his prolonged confinement in a Special Housing Unit. [*Id*.]

Specifically, the remedy process began on Series 573384 on January 13, 2010. [*Id*., p. 2, ¶3] In this administrative remedy, Landor claimed that prison staff had made a false statement about a comment he made concerning the weapon found in his locker located in his cell, and what he was going to do with the weapon. [*Id*.] This remedy was exhausted on April 19, 2010. [*Id*.; *see also* R. 6, Exh. A; R. 2, Administrative Remedy documentation]

On January 29, 2010, Landor commenced Administrative Remedy series 575264, in which he complained that questioning him without first reading him his *Miranda* rights violated his constitutional rights. [R. 20-6 (Decl. of Denise Gottleib), p. 2, ¶4] This remedy was exhausted on October 13, 2010. [*Id*.; *see also* R. 7, pp. 3-4]

However, the BOP states that the record is devoid of any indication that Landor filed a grievance concerning his claim of prolonged confinement in the SHU, a statement that Landor does not contradict. Because Landor has not made any effort to exhaust this claim as required by

§ 1997e(a) [R.20-6 (Decl. of Denise Gottleib, p. 2, ¶5], his *Bivens* claim must be dismissed for his failure to exhaust administrative remedies. *Jones v. Bock*, 549 U .S. 199, 211, 214-15 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that un-exhausted claims cannot be brought in court").

### III

Accordingly, **IT IS ORDERED** that:

1. Plaintiff Damon Landor's motion to appoint counsel [R. 23] is **DENIED**.

2. Defendant Timothy Hardin's motion to dismiss, or in the alternative for summary judgment [R. 20] is **GRANTED**.

3. Landor's complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.

4. The Court will enter an appropriate judgment.

5. This matter is **STRICKEN** from the active docket.

This 11th day of January, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge